UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.: 06-089 (RWR/DAR) |
| | ) | |
| v. | ) | |
| | ) | |
| **NIZAR TRABELSI,** | ) | |
|   also known as **Nizar ben Abdelaziz Trabelsi,** | ) | |
|   also known as **"Abu Qâ'Qâ,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S MEMORANDUM AND PROFFER IN SUPPORT OF DETENTION

The defendant, Nizar Trabelsi, also known as Nizar ben Abdelaziz Trabelsi, also known as "Abu Qâ'Qâ," has been charged by federal indictment with terrorism offenses. As set forth in the superseding indictment, the defendant is accused of being a member of al-Qaeda, who met Osama bin Laden in Afghanistan, offered to carry out a suicide bomb attack against U.S. interests, and took substantial steps toward carrying out that attack, to include purchasing chemicals to make a 1,000-kilogram bomb. The defendant was arrested in Belgium on September 13, 2001, before carrying out the planned suicide bomb attack. On October 3, 2013, the defendant was extradited to the United States from Belgium, where he had been incarcerated since his arrest there. The defendant has no ties to the United States and is a danger to the community. Indeed, the law presumes that he should be detained. An analysis of the factors set forth in 18 U.S.C. § 3142 leads to the conclusion that the Court should order that the defendant be detained pending trial.

**A.**     **PROCEDURAL HISTORY**

On April 7, 2006, a federal grand jury in this district returned an indictment, charging the defendant with Conspiracy to Kill United States Nationals Outside of the United States, in violation of 18 U.S.C. §§ 2332(b)(2) and 1111(a) (Count One); Conspiracy and Attempt to Use

Weapons of Mass Destruction, in violation of 18 U.S.C. §§ 2332a and 2 (Count Two); Conspiracy to Provide Material Support and Resources to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B (Count Three), and Providing Material Support and Resources to a Foreign Terrorist Organization, in violation of 18 U.S.C. §§ 2339B and 2 (Count Four).  On November 16, 2007, a federal grand jury in this district returned a superseding indictment, charging the same offenses.  All of the counts in the superseding indictment are listed as Federal crimes of terrorism in 18 U.S.C. § 2332b(g)(5)(B).  Counts One and Two carry a maximum penalty of life imprisonment.  Counts Three and Four carry a maximum penalty of ten years imprisonment.[1]

On October 3, 2013, the defendant had his initial appearance before the Court.  At that hearing, the United States orally moved for the defendant's pretrial detention on multiple grounds, relying on 18 U.S.C. § 3142(f)(1)(A), (f)(1)(B), and (f)(2)(A).  Specifically, the United States advised the Court that this case involves:  (1) crimes of violence and offenses listed in 18 U.S.C. § 2332b(g)(5)(B) (see 18 U.S.C. § 3142(f)(1)(A)); (2) offenses for which the maximum sentence is life imprisonment (see 18 U.S.C. § 3142(f)(1)(B)); and (3) a serious risk that the defendant will flee (see 18 U.S.C. § 3142(f)(2)(A)).  Defense counsel requested that the Court schedule a detention hearing.  The Court set the hearing for October 8, 2013.

At the defendant's initial appearance on October 3, 2013, the United States also orally moved for the defendant's temporary pretrial detention, relying on 18 U.S.C. § 3142(d).  The United States did so, in order to afford sufficient time for the Department of Homeland Security, Immigration and Customs Enforcement to lodge an immigration detainer with the facility holding the defendant.  The United States tendered a copy of the immigration detainer to defense counsel at the defendant's initial appearance.

---

[1] Title 18, United States Code, Section 2339B was later amended to increase the maximum penalty to fifteen years imprisonment.

2

**B.     APPLICABLE LAW**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, et seq., provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."   18 U.S.C. § 3142(e).   See also United States v. Henry, 935 F. Supp. 24, 25 (D.D.C. 1996) ("If a defendant poses a danger to society, the Court has sufficient basis upon which to order pretrial detention.") (citation omitted).   The Bail Reform Act also provides for pretrial detention where a judicial officer finds by a preponderance of the evidence that there are no conditions of release that will reasonably assure the defendant's appearance.   18 U.S.C. § 3142(e).   See also United States v. Anderson, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (Bail Reform Act "provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required") (citations omitted).

There is a rebuttable presumption of detention if there is probable cause to believe that the defendant committed "an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is proscribed."   18 U.S.C. § 3142(e)(3)(C).   That rebuttable presumption applies here, as each count in the superseding indictment is listed in section 2332b(g)(5)(B) as a Federal crime of terrorism.   The superseding indictment serves to establish the probable cause to believe that the defendant committed these offenses.

Section 3142(g) lists four factors that guide a court's detention decision:   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the

defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).  At a detention hearing the United States may present evidence by way of a proffer.  United States v. Smith, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

For the reasons that follow, the defendant cannot overcome the rebuttable presumption in favor of his pretrial detention.

**C.      FACTUAL BASIS FOR DETENTION**

In order for the Court to have sufficient information to reach a detention decision, the United States submits this written factual basis prior to the detention hearing.

**(1)      Nature and Circumstances of the Offense**

The defendant is charged with grave offenses.  He stands accused of conspiring to kill Americans overseas with a weapon of mass destruction, namely a massive bomb.  The defendant is alleged to have volunteered for this suicide bomb attack.  As set forth in the superseding indictment, he offered to carry out such an attack in a meeting with Osama bin Laden.  Further, the defendant took significant steps toward the commission of this terrorist attack, including the purchase of chemicals in or about July and August 2001 to make a 1,000-kilogram bomb.  The superseding indictment alleges conduct covering the time period from at least in or about mid-2000 to in or about June 2002.  The superseding indictment is also broad in geographic scope, alleging conduct in Germany, Afghanistan, Pakistan, France, Belgium, The Netherlands, and elsewhere.

This case involves crimes of violence, as defined by 18 U.S.C. § 3156(a)(4), Federal crimes of terrorism, as listed in 18 U.S.C. § 2332b(g)(5)(B), and a destructive device, as defined by 18 U.S.C. § 921(a)(4).  See 18 U.S.C. § 3142(g)(1).  Reflecting their seriousness, the first two counts in the superseding indictment are life offenses.

**(2)     Weight of the Evidence Against the Defendant**

The evidence against the defendant is strong.  Following his arrest in Belgium on September 13, 2001, the defendant made significant admissions to Belgian, U.S., and other foreign law enforcement authorities.  These admissions were substantially corroborated by physical evidence and witness accounts prior to the defendant's extradition from Belgium on October 3, 2013.

As but one illustration, on June 18, 2002, Belgian authorities conducted an interview of the defendant in the presence of three of his Belgian defense attorneys.  According to a memorialization of that interview (which the defendant signed), the defendant stated in sum and substance that:

- He had arrived in Belgium in July 2001 for the purpose of carrying out an attack against American interests in that country;

- He had previously traveled to Afghanistan and had met Osama bin Laden;

- He had told Osama bin Laden that he wanted to carrying out a suicide attack;

- He had trained in Afghanistan to carry out the suicide attack;

- He had a fake Pakistani visa placed in his passport;

- He had written down in a soccer book the names of chemicals that he needed to purchase for purposes of making a bomb for the suicide attack;

- He had purchased specific chemicals for purposes of making the bomb; and

- He had conducted reconnaissance of Kleine-Brogel [an Air Force base in Belgium, used by the United States] for purposes of carrying out the suicide attack.

Law enforcement recovered numerous items of physical evidence from the defendant's apartment in Belgium at the time of his arrest on September 13, 2001.  Among these items were: (a) an Uzi sub-machine gun, magazines, and ammunition; (b) a soccer souvenir book with a listing of chemicals written in hand on one page of the soccer book; and (c) fraudulent identification

documents for the defendant (including his Tunisian passport with fraudulent Pakistani visas and a fraudulent French driver's license). Days later, law enforcement recovered large quantities of chemicals from a business establishment owned by an associate of the defendant. These chemicals consisted of approximately 100 kilograms of powdered sulfur and 50-60 kilograms of liquid acetone and were consistent with the chemicals written in the soccer book recovered from the defendant's apartment.

An al-Qaeda operative tried to contact the defendant by telephone on September 12, 2001. The al-Qaeda operative's travel to Belgium during this time period is corroborated by business and official records. Additionally, the phone card used by the al-Qaeda operative to try to contact the defendant on September 12, 2001, was recovered from another al-Qaeda operative, "shoe-bomber" Richard Reid, at the time of Reid's arrest in December 2001.

In addition, the defendant's travel to Afghanistan and association with al-Qaeda has been corroborated by witness accounts.

Furthermore, in an interview on October 3, 2013, conducted by Special Agents of the Federal Bureau of Investigation (FBI), memorialized in an audio recording, the defendant stated in sum and substance that he had traveled to Afghanistan and had met senior leaders of al-Qaeda, including Osama bin Laden. The defendant also identified his signature on the written memorialization of his June 18, 2002, interview (referenced above).

**(3)       History and Characteristics of the Defendant**

The defendant has no ties to the United States. He was imprisoned in Belgium from September 13, 2001, until his surrender to the FBI on October 3, 2013. Following his arrest in Belgium in September 2001, the defendant was tried and convicted there of terrorism-related offenses, as well as for an assault on a prison guard. The defendant completed serving his Belgian sentence last year and had been held in Belgian custody pending his extradition to the United

States.  The defendant is present in the United States solely to stand trial on the superseding indictment.  At the time of his arrest in Belgium in September 2001, the defendant possessed fraudulent identification documents.

Because the defendant has no ties to the United States and has been extradited to the United States to face terrorism offenses – two of which are life offenses – the defendant would have every incentive to flee the United States were he ever released.  The defendant vigorously opposed his extradition from Belgium to the United States to face the charges in the superseding indictment.  Moreover, the defendant has demonstrated the ability to acquire fraudulent identification documents.  Were he to be successful in obtaining fraudulent identification or travel documents, such fraudulent documents would facilitate his flight.

**(4)    Nature and Seriousness of the Danger Posed by the Defendant's Release**

The defendant poses a substantial danger to United States nationals and the community in general.  The defendant admitted that he intended to carry out a suicide bomb attack against United States nationals overseas and that he took substantial steps toward his goal of carrying it out.

**D.    CONCLUSION**

The United States submits that the superseding indictment and the additional factual proffer set forth above fully support the pretrial detention of the defendant under 18 U.S.C. § 3142.  The defendant cannot overcome the rebuttable presumption in favor of pretrial detention in this case.  There are no conditions or combination of conditions that will reasonably assure the

appearance of the defendant as required, or the safety of the community.

          Respectfully submitted,

          RONALD C. MACHEN JR.
          UNITED STATES ATTORNEY

By:
          /s/_____
          JONATHAN M. MALIS
          Assistant United States Attorney
          D.C. Bar Number 454-547
          United States Attorney's Office
          555 4th Street, N.W.
          Washington, D.C. 20530
          Phone: (202) 252-7806
          Jonathan.M.Malis@usdoj.gov


          /s/_____
          OPHER SHWEIKI
          Assistant United States Attorney
          D.C. Bar Number 458-776
          United States Attorney's Office
          555 4th Street, N.W.
          Washington, D.C. 20530
          Phone: (202) 252-1751
          Opher.Shweiki@usdoj.gov


          /s/_____
          MARA KOHN
          Trial Attorney
          South Dakota Bar Number 2281
          United States Department of Justice
          950 Pennsylvania Avenue, N.W.
          Washington, D.C. 20530
          Phone: (202) 532-4592
          Mara.Kohn2@usdoj.gov

CERTIFICATE OF SERVICE

A copy of the foregoing was served via the Court's Electronic Case Filing system on counsel for the defendant on this 6th day of October, 2013.

/s/_____
JONATHAN M. MALIS
Assistant United States Attorney