UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.: 06-089 (RWR) |
| | ) | |
| v. | ) | |
| | ) | |
| **NIZAR TRABELSI,** | ) | |
|   also known as Nizar ben Abdelaziz Trabelsi, | ) | |
|   also known as "Abu Qâ'Qâ," | ) | |
| | ) | |
| **Defendant.** | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### TO MODIFY CONDITIONS OF PRE-TRIAL DETENTION

On October 10, 2013, the Court ordered the parties to submit simultaneous briefing concerning legal questions that the Court had raised at the status hearing held that day about the defendant's conditions of confinement. Specifically, the Court ordered briefing on the government's legal authority to place the defendant in administrative segregation and to restrict his outside contact via telephone, mail, and jail visitation. On October 14, 2013, the United States filed a Memorandum Regarding Conditions of Confinement [ECF Docket 20] ("Gov't Mem."). That same day, the defendant filed a Motion to Modify Conditions of Pre-trial Detention [ECF Docket 19] ("Def. Mot."). Pursuant to the Court's order, requiring any responsive pleadings to be filed by noon on October 16, 2013, the United States respectfully files this response to the defendant's motion.

First, the defendant's central contention that only the Bail Reform Act, 18 U.S.C. § 3142, et seq., and the federal regulatory provisions governing Special Administrative Measures, 28 C.F.R. § 501.3 ("SAMs"), provide authority "to impose restrictive measures on an individual prisoner" (Def. Mot. at 3) is incorrect. The Bail Reform Act does not address restrictive measures that may be imposed on defendants ordered detained pending trial. And the federal regulations governing

1

SAMs are not the exclusive authority for imposing restrictive measures on federal inmates. The defendant's reliance on the First Circuit's decision in United States v. Reid, 369 F.3d 619 (1st Cir. 2004) (Def. Mot. at 3), is misplaced. In Reid, the First Circuit dismissed the defendant's appeal as moot. 369 F.3d 619. Reid does not stand for the (incorrect) proposition that 28 C.F.R. § 501.3 provides the only basis for imposing restrictive measures on federal inmates.

Second, the defendant's related claim that the United States Marshal Service ("USMS") lacks the authority to impose restrictive measures on a federal prisoner in its custody (Def. Mot. at 3) is similarly without merit. The USMS is charged with the responsibility of "safe-keeping" federal prisoners who are detained pretrial and is afforded significant discretion in discharging that responsibility. See Gov't Mem. at 3. In an exercise of its discretion, the USMS may contract with state and local authorities to house federal prisoners. Id. at 3-4. The state detention facility at issue here, the Rappahannock Regional Jail in Stafford, Virginia ("Rappahannock Jail"), has the authority under Virginia law to impose restrictive measures on the defendant. Id. at 4-5. That state law authority is comparable to federal regulations governing the detention of inmates in Bureau of Prisons facilities. Id. at 5.

Third, the defendant invites the Court to second guess the judgment of the USMS and prison officials, contending that there is "no factual basis for the restrictions imposed" on him. Def. Mot. at 4. According to the proposed order submitted with his motion, the defendant seeks: (i) to be removed from administrative segregation; (ii) to have the same mail, telephone, and visitation privileges as other pretrial detainees; and (iii) to have his shackles removed during legal visits. Each of these restrictions has been placed on the defendant, based on determinations made by the officials who are responsible for the safety of the defendant, other inmates, the institution where the defendant is housed, and those involved in the transportation of the defendant to and from the courthouse.

Where a defendant is ordered detained pending trial, "the Government concededly . . . may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). As long as a particular condition or restriction is "reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539 (footnote omitted). In making an inquiry into a particular condition or restriction, the Supreme Court has admonished that "courts must heed our warning that [s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Id. at 540 n. 23 (citations and internal quotation marks omitted). See, e.g., Orth v. Balaam, No. 11-16182, 2013 WL 2940373, *2 (9th Cir. June 17, 2013) (defendant's pretrial detention in "Behavioral Review, a form of administrative segregation, was reasonably related to the detention facility's legitimate objective of maintaining safety and security; it therefore did not amount to punishment.") (citing Bell, 441 U.S. at 540); Peoples v. CCA Detention Centers, 442 F.3d 1090, 1106 (10th Cir. 2005) (Pretrial detainee's escape threat was legitimate, non-punitive reason for administrative segregation). See also Jones v. Horne, 634 F.3d 588, 598 (D.C. Cir. 2011) ("The substantive due process protections afforded by Bell v. Wolfish and its progeny against punishment contemplate that a legitimate government interest may require additional restrictions on pretrial detainees.") (citing Bell, 441 U.S. at 538-39).

To establish a due process claim, a pretrial detainee must demonstrate either (1) an "expressed intent to punish on the part of detention facility officials," or (2) that the challenged condition or restriction lacks a reasonable relationship to a legitimate, non-punitive administrative purpose. Bell, 441 U.S. at 538-39; Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999). The

defendant does not even attempt to claim, let alone demonstrate, that officials at the USMS or the Rappahannock Jail have expressed an intent to punish him.  Nor does the defendant seriously argue that his conditions of confinement lack any reasonable relationship to a legitimate, non-punitive purpose.  The defendant simply asserts that there is "no factual basis" for restrictive conditions grounded in the federal terrorism charges against him and the open source reporting about a thwarted plot to free him from a Belgium prison in late 2007.  Def. Mot. at 4.  The USMS and officials at the Rappahannock Jail have concluded otherwise.  This Court should decline the defendant's invitation to disregard the significant discretion afforded officials charged with maintaining security and order at detention facilities and to substitute its judgment for the judgment of those officials.

WHEREFORE, for the reasons stated above, in the government's Memorandum Regarding Conditions of Confinement, and at any hearing on this matter, the Court should deny the defendant's motion.

                                      Respectfully submitted,

                                      RONALD C. MACHEN JR.
                                      UNITED STATES ATTORNEY

By:
    /s/_____
    JONATHAN M. MALIS
    Assistant United States Attorney
    D.C. Bar Number 454-547
    United States Attorney's Office
    555 4th Street, N.W.
    Washington, D.C. 20530
    Phone: (202) 252-7806
    Jonathan.M.Malis@usdoj.gov


    /s/_____
    OPHER SHWEIKI

Assistant United States Attorney
D.C. Bar Number 458-776
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-1751
Opher.Shweiki@usdoj.gov



/s/_____
MARA KOHN
Trial Attorney
South Dakota Bar Number 2281
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 532-4592
Mara.Kohn2@usdoj.gov



CERTIFICATE OF SERVICE

    A copy of the foregoing was served via the Court's Electronic Case Filing system on counsel for the defendant on this 16th day of October, 2013.


/s/_____
JONATHAN M. MALIS
Assistant United States Attorney