**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** : | |
| : | **Criminal. No. 06-089 (RDM)** |
| **v.** : | |
| : | |
| **NIZAR TRABELSI,** : | |
| : | |
| **Defendant.** : | |

## JOINT STATUS REPORT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, by and through his counsel, jointly and respectfully submit this status report in accordance with the Court's Order, issued on April 30, 2019.

1. On April 30, 2019, the Court held a motions hearing to address the defendant's amended Motion to Modify Special Administrative Measures (SAMs). At the hearing, the Court indicated that it would hold the motion in abeyance. The Court directed the parties to file a joint status report by May 14, 2019. At the request of the parties, that date was continued multiple times, and the status report is now due on June 24, 2019.

2. After the April 30th motions hearing, defense counsel emailed Major Phyllis Back of the Northern Neck Regional Jail (NNRJ) on May 21, 2019. In the email, defense counsel indicated that "we believe it is necessary to understand more about NNRJ's personnel and policies." Defense counsel posed a list of questions for Major Back to answer. The government told defense counsel that some of the questions were answered in the previously produced declaration and that, because NNRJ generally objected to providing personal information about its service providers, it might be useful to focus on key questions for NNRJ on services provided. After communicating with defense counsel, the government suggested a more limited set of

questions for Major Back. Defense counsel agreed to those questions as being acceptable, without prejudice to seeking to ask more questions later.

3.  After additional emails and phone calls, Major Back provided additional information on June 18, 2019, via email, in response to those agreed-upon follow up questions. Specifically, Major Back indicated as follows:

   a.  A qualified mental health professional (QMHP) makes daily attempts to interact with the defendant whenever the QMHP is available. The QMHP is generally available five days per week. Given that the defendant would prefer to speak in French, if he agrees to interact with a QMHP, an interpreter is accessible through a remote (telephone and/or internet) interpretation service. No in-person interpreter is made available.

   b.  Although the defendant has not been seen by a psychiatrist since he was transferred to NNRJ in September 2018, a psychiatric evaluation could be scheduled for him with the authorization of the U.S. Marshals Service.

   c.  The defendant is not restrained during his recreation periods.

## Conclusion

Undersigned government counsel has conferred with defendant's counsel who has reviewed this status report and agreed to its filing by the government on behalf of both parties.

    Respectfully submitted,

    JESSIE K. LIU
    United States Attorney
    D.C. Bar No. 472-845

By:    /s/
    THOMAS N. SAUNDERS
    New York Bar Number 4876975
    JEFF PEARLMAN

D.C. Bar Number 466-901
JOHN CUMMINGS
D.C. Bar Number 986-573
Assistant United States Attorneys
National Security Section
United States Attorney's Office
555 4th Street, NW, 11th Floor
Washington, D.C. 20530
Thomas.Saunders@usdoj.gov
(202) 252-7790