UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NIZAR TRABELSI,<br><br>*Defendant*. | Criminal Action No. 06-89 (RDM) |

## ORDER REGARDING TRIAL PROCEDURES

The parties are instructed to comply with the directives set forth below in the upcoming trial in this matter. Because Mr. Trabelsi is representing himself pro se, references to "counsel" include Mr. Trabelsi unless otherwise noted.

1. **Trial Schedule**. The trial will begin with jury selection on **Monday, May 8, 2023, at 9:00 a.m. in the Ceremonial Courtroom.** Upon completion of jury selection, the trial will begin **in Courtroom 8.** Unless the parties are otherwise notified, the Court will convene the trial from **9:00 a.m. to 12:30 p.m.** and **1:30 p.m. to 5:00 p.m.**, Monday through Thursday, with a brief mid-morning and mid-afternoon recess. Counsel should be prepared to deliver their opening statements promptly after the jury has been sworn-in and preliminary instructions have been delivered by the Court.

    a. Opening statements shall not exceed 60 minutes per party. Any demonstrative exhibits to be used in opening statements must be cleared with counsel for the other side prior to **4 p.m. on May 4, 2023**, and if any party objects, such objections must be submitted to the Court for resolution by **4 p.m. on May 5, 2022**. Opening statements should address only the evidence (or absence of evidence) that counsel reasonably expects to be offered and admitted at trial. Counsel may not "testify" in opening (or closing) statements. Counsel are cautioned that the Court will intervene as necessary to ensure that opening (and closing) statements are consistent with this directive and are otherwise proper. Repeated violations of this requirement may result in the termination of counsel's opening (or closing) statement.

    b. Immediately after opening statements, the government should be prepared to call its first witness.

    c. Unless otherwise instructed by the Court, counsel for the government and standby counsel should be present in the courtroom each morning at least thirty minutes before trial begins to address any preliminary matters. Trial before the jury will convene promptly at the designated time on each trial day to avoid keeping the jury waiting. Counsel for the government and standby counsel must be in the courtroom at least five minutes before Court is scheduled to begin or resume after a recess.

1

2. **General Courtroom Rules**. In addition to exercising civility, counsel shall, unless leave is otherwise granted:

    a. examine witnesses from the lectern and refer to all individual parties and witnesses, over the age of 18, as "Mr." or "Ms." rather than by a first name or nickname;
    b. stand when raising objections;
    c. stand when the jury is entering or leaving the courtroom;
    d. direct all statements for the record to the Court rather than to the opposing party.

    Counsel for the government shall request permission before approaching witness. If Mr. Trabelsi needs to provide a witness with a copy of an exhibit, he should ask standby counsel to do so with the Court's permission. Separate lecterns will be set up for counsel for the government and Mr. Trabelsi, and they should stand at the designated lectern when addressing the jury or the Court or questioning a witness, unless otherwise allowed by the Court.

3. **Standby Counsel**. Without leave of court, standby counsel should not in any way interfere with Mr. Trabelsi's representation of himself, nor suggest to the jury through their actions, or otherwise, that they are representing Mr. Trabelsi for purposes of the trial. Standby counsel may confer quietly and discretely with Mr. Trabelsi at counsel table but shall obtain leave of the Court before approaching Mr. Trabelsi while he is addressing the jury or questioning a witness.

4. **Jury Selection Process**. The jury selection process will occur as previously described to counsel and standby counsel. The Court understands that Mr. Trabelsi has requested that standby counsel ask any follow-up questions of prospective jurors on his behalf, and the Court has granted Mr. Trabelsi permission to proceed in this fashion.

5. **Technical Equipment**. Counsel needing technical assistance with courtroom equipment (*e.g.*, overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019.

6. *Voir Dire* **Questions**. The *voir dire* questions that the Court intends to pose to the venire panel collectively are listed in an Attachment to this Order. Any objection not raised shall be waived.

7. **Motions or Objections During Trial**.

    a. **No evidentiary objections shall be argued in the presence of the jury.** Counsel must state clearly and succinctly the legal basis for any objection in a word or short phrase. A party may explain or amplify its objections on the record after the jury has been excused or using the audio equipment at counsels' table. If counsel plans to engage in a line of inquiry that requires judicial pre-approval, counsel may seek a "bench conference," using the audio equipment at counsels' table.

    b. **Bench conferences shall take place using the audio equipment at counsels' table.** Counsel should consider whether the issue counsel wishes to address at "the bench" can wait until the jury is excused for a recess.

8. **Witness Examination**.

    a. A party calling a witness must arrange for the witness's presence until a reasonable cross-examination is completed. Failure to have a witness present for cross-examination is grounds for striking the witness's testimony. Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable.

   b. Counsel must avoid testifying in the form of questioning a witness.  When using a document to refresh a witness's recollection, for example, counsel should show the document to the witness, ask the witness to review it and then to place it aside, and then ask the witness whether the document refreshed the witness's recollection.  Counsel should not read the document to the witness or quote from the document merely to refresh the witness's recollection.  Counsel may not preface their questions with statements and may not comment on the answers that they receive.  Nor may counsel make any gestures or facial expressions intended to convey approval or disapproval of a witness's testimony.  Counsel is cautioned that any improper conduct in questioning a witness may result in the Court's intervention and, if repeated, may require termination of the examination.

   c. After a non-defendant witness has been tendered for cross-examination and until the witness has been tendered back for redirect, counsel calling that witness to testify (including law enforcement officers or investigators) must have no further discussions with that witness concerning any aspect of the testimony already given or anticipated.  For a defendant-witness, the Court refers the parties to the guidelines set forth in *United States v. McLaughlin*, 164 F.3d 1, 4–7 (D.C. Cir. 1998), *cert. denied*, 526 U.S. 1079 (1999).

   d. With exception of Mr. Trabelsi and expert witnesses, all potential witnesses shall be excluded from the courtroom prior to their testimony unless otherwise authorized by the Court.  This prohibition does not apply, however, to witnesses who are exempt from sequestration under Federal Rule of Evidence 615.

9. **Jury Instructions**.  If events during trial necessitate an immediate jury instruction, counsel requesting the instruction must provide the Court with the text of the proposed instruction; otherwise, the Court will consider the request waived.  If a party would like the instruction included in the Court's final instructions to the jury, that party bears the responsibility of making such a request to the Court before the charging conference.

10. **Juror Confidentiality**. The names and personal information of prospective and sitting jurors shall be kept confidential and may not disclosed, except to the extent personal information is appropriately used in questioning prospective jurors or to the extent otherwise expressly authorized by the Court.  *See* D.D.C. JURY SELECTION PLAN, § K.1, available at https://www.dcd.uscourts.gov/sites/dcd/files/JurySelectionPlanReviewed2015.pdf.  Counsel Prospective jurors should be referred to by their juror numbers and not by their names.  The parties are cautioned that violation of this directive may result in contempt proceedings.

   **SO ORDERED**.

                                          /s/ Randolph D. Moss
                                          RANDOLPH D. MOSS
                                          United States District Judge

Date: April 26, 2023