UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :

v.                              :       06-CR-089 (RDM)

NIZAR TRABELSI                  :

## MOTION IN LIMINE

Defendant Nizar Trabelsi, through undersigned counsel, respectfully submits this motion in limine seeking to permit Mr. Trabelsi to testify about his pretrial detention, including the conditions of his confinement. Testimony about the length of his pretrial detention in the United States and isolation and exclusion from other inmates is relevant to explaining his behavior on the witness stand and demeanor in the event he testifies.

Mr. Trabelsi has been held in solitary confinement under SAMs restrictions for more than nine year. Studies demonstrate that solitary confinement by itself—without the added effects of SAMs—causes "severe psychological damage." Allison Frankel *et al.*, *The Darkest Corner: Special Administrative Measures & Extreme Isolation in the Federal Bureau of Prisons* at 11, Allard K. Lowenstein Int'l Human Rights Clinic, Yale Law School (Sept. 2017) ("Yale Report"). Symptoms include "anxiety, panic, rage, loss of control, paranoia, and hallucinations" and "mirror the effects of other forms of torture." *Id*. at 11-12. "There is not a single published study of solitary or supermax-like confinement in which nonvoluntary confinement lasting for longer than 10 days failed to result in negative psychological effects." *Id*. at 11 (quotations and citation omitted). "Scientific consensus" that solitary confinement conditions "cause permanent harm" led the United Nations "to declare that any imposition of solitary confinement beyond 15

days constitutes cruel, inhuman or degrading treatment." *Id*. at 1 (quotation marks and citation omitted). The defense does not intend to reference these studies or present any expert testimony on this issue or refer to it during the questioning of Mr. Trabelsi.

In order to accurately and completely assess any testimony of Mr. Trabelsi, the jury must be made aware of his pretrial detention. The defense seeks to pose the following questions to Mr. Trabelsi during his direct: 1) Where are you currently living? 2) How long have you been there? 3) Are there any restrictions on your social interactions? 4) Does your current confinement impact your ability to think? 5) How? 6) Does your current confinement impact your ability to remain calm and interact with others? and 7) How?

We expect Mr. Trabelsi to display anti-social behavior while testifying, including actions that may be perceived as deceptive and evasive. We also expect he will have difficulty concentrating and providing succent answers in response to questions from his counsel and the government. To the extent Mr. Trabelsi would like to explain why he exhibits these behaviors, he will need to discuss his personality and characteristics prior to his incarceration. By all accounts, Mr. Trabelsi was outgoing and gregarious before his arrest in September 2001. Since his arrival in the United States in 2013, his social circle is extremely limited. He only interacts with the individuals prescribe by the SAMs, namely jail staff, his defense team, and certain family members. While attending trial, he interacts with the United States Marshals and court staff. These circumstances are relevant in explaining his demeanor and he should be permitted to explain his current condition as compared to when he was arrested and questioned in 2001 and 2002.

Respectfully Submitted,

*/s/ Marc Eisenstein*
_____
Marc Eisenstein
Coburn & Greenbaum, PLLC
1710 Rhode Island Avenue, N.W.
Second Floor
Washington, DC 20036
(202) 470-2695
marc@coburngreenbaum.com

/s/Sabrina P. Shroff
80 Broad Street, 19th Floor
New York, New York 10007
(646) 763-1490
sabrinashroff@gmail.com


*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 17, 2023 copy of the foregoing was filed with the Clerk of the Court and served on all counsel of record via e-mail.

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Marc Eisenstein