UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.    : | Crim. No.: 06-89 (RDM) |
| : | |
| **NIZAR TRABELSI** : | |
| : | |
| **Defendant.** : | |

### ELICITATION OF PRIOR INCONSISTENT STATEMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this brief in anticipation of issues that may arise tomorrow. The defense has indicated that it will call FBI Special Agent Michael O'Callaghan as a witness. Agent O'Callaghan drafted the witness statements, commonly referred to as "302s," for some of the witnesses who testified in the government's case in chief. The defense might seek to elicit from Agent O'Callaghan the prior out-of-court statements of those witnesses for impeachment purposes, arguing that the prior statements are inconsistent with the witnesses' trial testimony. The Federal Rules of Evidence govern impeachment by prior inconsistent statement, and this brief flags some of the basic limitations imposed by those rules.

"One of these limitations is the collateral issue rule, which bars a party from impeaching a witness on a collateral matter through the use of extrinsic evidence." *United States v. Mulinelli-Navas*, 111 F.3d 983, 988 (1st Cir. 1997), as amended (May 23, 1997) (citing *United States v. Beauchamp*, 986 F.2d 1, 3 (1st Cir.1993) ("[W]hen a witness testifies to a collateral matter, the

1

examiner 'must take [the] answer,' i.e., the examiner may not disprove it by extrinsic evidence.")). "A matter is considered collateral if 'the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness.'" *Id.* (quoting *Beauchamp*, 986 F.2d at 4 (quoting 1 McCormack on Evidence § 45, at 169)). "In other words, '[a] matter is collateral if it could not have been introduced into evidence for any purpose other than contradiction . . . . [T]he evidence must have an independent purpose and an independent ground for admission.'" *Id.* (quoting *United States v. Payne*, 102 F.3d 289, 294 (7th Cir. 1996)); *see also United States v. Roulette*, 75 F.3d 418, 423 (8th Cir.), cert. denied, 519 U.S. 853 (1996). "The inquiry into what is collateral is squarely within the trial court's discretion." *Id.* (citing *United States v. Kozinski*, 16 F.3d 795, 806 (7th Cir.1994)).

In addition, impeachment by prior inconsistent statement is governed by Federal Rule of Evidence 613. Under Rule 613(b), a witness' prior inconsistent statement cannot be proved by extrinsic evidence unless the witness is afforded an opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness regarding the statement. Fed. R. Evid. 613(b). In other words, before the defense can introduce extrinsic proof of a witness' prior inconsistent statement, the witness must be asked whether he or she made the statement and must be given an opportunity to explain it. *United States v. Wright*, 489 F.2d 1181, 1187 (D.C. Cir. 1973).

Thus, the defense can ask Agent O'Callaghan about other witnesses' prior statements if (1) the statement is inconsistent with the witnesses' trial testimony, (2) the statement involves a non-collateral matter, (3) the witness was afforded an opportunity to explain or deny the prior statement, and (4) the government was given an opportunity to interrogate the other witness regarding the statement.

The rules of hearsay also govern impeachment using a prior inconsistent statement. *See*

2

Federal Rule of Evidence 801(d). Specifically, a prior inconsistent statement is only admissible for impeachment purposes — and is not admissible for the truth of the matter asserted — unless the requirements of FRE 801(d)(1)(A) are met. *United States v. Dietrich*, 854 F.2d 1056, 1061 (7th Cir. 1988) ("If a prior inconsistent statement meets the requirements of Rule 801(d)(1)(A) it may be admitted as substantive evidence to establish the truth of the matter asserted . . . . A prior inconsistent statement that does not meet one of the criteria of Rule 801(d)(1)(A), however, may be used only for the purpose of impeaching the witness."); *see also* Fed. R. Evid. 801(d)(1)(A) (advisory committee notes). Accordingly, the government is entitled to an instruction after the impeaching statement is elicited, instructing the jury that the statement cannot be considered for its truth.

In addition, the Court must engage in a Rule 403 balancing test to determine whether the statement's probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. When conducting that balancing test, the Court should take into account whether the statement's probative value is limited to mere impeachment.

The defense might also find itself in a situation in which the prior statement contains layers of hearsay if, for example, Agent O'Callaghan is asked to testify about what he wrote in his 302 (layer #1) documenting what a witness said to the FBI (layer #2) about what that witness previously said to the defendant (layer #3). Each layer of hearsay should be addressed before the statement is admitted into evidence.

The defense should also be aware that, by eliciting a witness' prior inconsistent statements, the defense may be opening the door for the government to admit prior consistent statements through either the rule of completeness or Federal Rule of Evidence 801(d)(1)(B).

The government is not moving the Court to take any action at this time. Rather, the government is submitting the instant brief to flag for the Court and the defense some of the legal

3

limitations on the eliciting prior inconsistent statements.  If the defense seeks to elicit such statements, the government will object and ask the defense to lay a predicate that (1) the prior inconsistent statement being elicited is actually inconsistent with specific statements made at trial, (2) the statement involves a non-collateral matter, (3) the witness who made the statement was afforded an opportunity to explain or deny the prior statement, and (4) the government was given an opportunity to interrogate that witness regarding the prior statement.  Then, if the statement is admitted, the government is likely to seek an instruction from the Court that the prior statement is admitted for a limited purpose.

Respectfully submitted,

MATTHEW M. GRAVES

United States Attorney
D.C. Bar 481052

By:

*/s/ Thomas N. Saunders*
Thomas N. Saunders
N.Y. Bar No. 4876975
Christopher Tortorice
TX Bar Number 24048912
Assistant United States Attorneys
National Security Section
601 D Street, NW, Room 5-120
Washington, D.C.  20530
Office: 202-252-7790
thomas.saunders@usdoj.gov